## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THERESA M. DARNELL,

      **Plaintiff,**

v.                                                                                    **Case No. 17-4085-DDC-TJJ**

CJ FOODS INC.,

      **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Theresa M. Darnell filed her Complaint in this case on September 20, 2017. Doc. 1. Plaintiff asserts claims against defendant CJ Foods Inc. under Title VII, 42 U.S.C. § 1981, and the Kansas Acts Against Discrimination. To date, plaintiff never has served defendant with a summons. So, on January 8, 2018, the court ordered plaintiff to show cause in writing, on or before January 19, 2018, why the court should not dismiss her claims for failing to comply with Federal Rule of Civil Procedure 4(m). Doc. 5. Plaintiff timely responded to the court's Order on January 19, 2018. Doc. 6. In her response, she explains that her counsel forgot to calendar the deadline for serving defendant and asks the court to extend the time for service.

The Tenth Circuit has established a two-step inquiry for evaluating a plaintiff's failure to effect service timely under Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Oklahoma ex rel. Bd. of Regents v. Fellman*, 153 F. App'x 505, 506–07 (10th Cir. 2005). First, the court must determine whether a plaintiff has shown good cause for failing to obtain service—if so, then the court must grant plaintiff an extension of time to perfect service. *Espinoza*, 52 F.3d at 841. Second, if plaintiff fails to show good cause, the court still

must decide whether a permissive extension of time is warranted or whether the court should dismiss the case without prejudice. *Id.*

Plaintiff never argues that she can establish good cause. So, the court considers whether it should grant plaintiff a permissive extension of time to serve defendant. "In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the action." *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011) (citations omitted). Here, defendant likely knew that plaintiff might bring a claim against it because it presumably received plaintiff's Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). *See* Doc. 1 at 7. Also, it seems unlikely that defendant would sustain prejudice. Last, the court is concerned that the statute of limitations might bar plaintiff from refiling her Title VII claim against defendant. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring that a person file a civil suit on a Title VII claim within 90 days of receiving notice that the EEOC will not act on a Title VII complaint). Plaintiff received the Notice of Right to sue on June 22, 2017. Ninety days from that date is September 20, 2017. Thus, requiring plaintiff to refile her Title VII suit likely would bar her claim if she had to refile this case.

Because the risk of prejudice to defendant as a result of granting plaintiff an extension is low, and the risk of barring plaintiff's claims is high, the court exercises its discretion and grants plaintiff an additional 30 days to serve defendant. If plaintiff has not served defendant within 30 days from the date of this Order, the court will dismiss plaintiff's Complaint for failure to comply with Rule 4(m).

**IT IS THEREFORE ORDERED THAT** plaintiff is granted an extension of time to serve defendant.  Plaintiff must serve defendant within 30 days from the date of this Order.  If plaintiff fails to serve defendant within this time, the court will dismiss plaintiff's Complaint against defendant.

**IT IS SO ORDERED.**

**Dated this 14th day of February, 2018, at Topeka, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**